**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA**,

       Plaintiff,

vs.                                                    No. 07cr1556 MCA

**JOHNNY BEGAY,**

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the *United States' Motion in Limine for Pretrial Order Admitting Evidence of Prior Sexual Assaults* [Doc. 42], filed June 10, 2008. The Court heard arguments, proffers from counsel, and witness testimony at the call of the calendar on July 2, 2008. Having reviewed the parties' submissions, the arguments and proffers of counsel, the relevant law, and being fully advised in the premises, the Court denies the motion.

On July 25, 2007, Defendant Johnny Begay was charged in an Indictment with one count of aggravated sexual abuse of a child in Indian Country, between the dates of March 1, 2006 and April 30, 2006. On June 10, 2008, the Government filed its motion, advising the Court that it intended to introduce evidence of Defendant's past instances of child molestation involving (1) Jane Doe #1 (the alleged victim in the instant cause), when she was between the ages of 6 and 11 years; (2) Jane #2 (the younger sister of Jane Doe #1), when she was under the age of 12; and (3) the mother of Jane Doe #1 and Jane Doe #2, when she

was approximately 11 years old.  The Government asserts that evidence of the alleged prior acts is admissible during its case-in-chief pursuant to Fed.R.Evid. 414.

Rule 414(a) provides the specific rule for criminal cases in which the defendant is accused of an offense of child molestation. In such cases, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant. Under Rule 414(d), a "child" is defined as a person below the age of fourteen, and "child molestation" includes any crime under federal or state law that involved conduct proscribed by 18 U.S.C. §§ 2241 to 2248 and was committed in relation to a child.

The Tenth Circuit has articulated three prerequisites to the admission of evidence under Rule 414: (1) the defendant must be charged with an offense of child molestation, (2) the proffered evidence must be of the defendant's commission of another offense of child molestation, and (3) the proffered evidence must be relevant.  United States v. Benally, 500 F.3d 1085, 1090 (10th Cir. 2007); accord United States v. McHorse, 179 F.3d 889, 897-98 (10th Cir.1999). Further, the Court must engage in a Rule 403 balancing inquiry in determining whether the evidence is relevant. Benally, 500 F.3d at 1090.

In United States v. Enjady, the Tenth Circuit set forth a list of factors the Court should consider in performing Rule 403's balancing test:

> Rule 403 balancing in the sexual assault context requires the court to consider: 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less

> prejudicial evidence. When analyzing the probative dangers, a court considers: 1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

United States v. Enjady, 134 F.3d 1427, 1433 (10th Cir. 1998). With respect to factor (2) (probativeness), these additional considerations may influence the Court's analysis:

> (1) the similarity of the prior acts and the charged acts;
> (2) the time lapse between the other acts and the charged acts;
> (3) the frequency of the prior acts;
> (4) the occurrence of intervening events; and
> (5) the need for evidence beyond the defendant's and alleged victim's testimony.

Benally, 500 F.3d at 1090-91. Finally, the Court "must make a preliminary finding that a jury could reasonably find by a preponderance of the evidence that the 'other act[s]' occurred." Enjady, 134 F.3d at 1433.

Application of the three threshold requirements set forth above reveals, first, that Defendant has been accused of the offense of child molestation, since he has been charged with aggravated sexual abuse of a child, in violation of 18 U.S.C. § 2241(c), a statutory section coming within Chapter 109A, "Sexual Abuse." See Fed.R.Evid. 414(d) ("For purposes of this rule . . . 'offense of child molestation' means a crime under Federal law . . . that involved . . . any conduct proscribed by chapter 109A of title 18, United States Code, that was committed in relation to a child. . . ."). Second, evidence that Defendant sexually assaulted Jane Doe #1 and Jane Doe #2 and their mother when they were under 14 years of age would be evidence that he committed other acts of child molestation. See id. ("For

purposes of this rule . . . 'child' means a person below the age of fourteen. . . ."). Thus, as in McHorse, "the admissibility of the evidence in question turns solely on its relevancy." McHorse, 179 F.3d at 898.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. In this case, allegations that Defendant assaulted (1) Jane Doe 1 more than 20 times since she was 7 years old; (2) Jane Doe 2 on one occasion when she was younger than 12 (as reported *not* by Jane Doe #2, but by Jane Doe #1) ; (3) the mother of Jane Doe #1 and Jane Doe #2 three or four times when she was 10 to 11 years old, would certainly tend to indicate, if believed, that Defendant has a propensity to sexually abuse young girls. See McHorse, 179 F.3d at 898 ("The Rule 414(a) testimony of [various witnesses], if believed, certainly indicates that Defendant has a propensity to sexually abuse young girls."). From this, I determine that the evidence proffered by the Government is relevant and would be admissible under Rule 414, provided it passes Rule 403's balancing test.

**Rule 403 Balancing in the Present Case**

### 1. Jane Doe #2

I consider first the allegations of past sexual abuse involving Jane Doe #2. As stated above, Jane Doe #2 is the younger sister of Jane Doe #1. Jane Doe #2, however, did not testify at the hearing on this matter, nor was she present. Instead, Jane Doe #1 testified about having observed Defendant touch Jane Doe #2 inappropriately, explaining that:

> [s]he [Jane Doe #2] was sleeping in the living room and I [Jane Doe #1] was sleeping in my bed and I just remember waking up and going into the living room.
> . . .
> And he [Defendant] sat down by [Jane Doe #2] and started to touch her . . . [i]n her private part.

[Transc. of July 2, 2008 hearing]. Jane Doe #1's testimony about what she witnessed with respect to Jane Doe #2 is the extent of the evidence presented as to Defendant's alleged past molestation of Jane Doe #2. Jane Doe #1 did not recall the date of the incident or how old she and her sister were at the time.

I will not allow the admission of evidence that Defendant has sexually molested Jane Doe #2 because I do not conclude that it passes Rule 403's balancing test. As an initial matter, I again note that Jane Doe #2 did not testify at the hearing in this matter and, based on written proffers, it is not at all clear whether Jane Doe #2 even remembers the alleged molestation. [See, e.g., Doc. 46 at 6 ("The Jane Doe # 2 evidence is particularly unworthy of credit because Jane Doe # 2 herself has no knowledge whatsoever of any inappropriate contact by [Defendant].")]. Jane Doe #1 also testified that she could not remember how old she and Jane Doe #2 were at the time of this alleged incident, and that she did not tell anybody about what she allegedly witnessed. Given this testimony, the prior alleged molestation of Jane Doe #2 by Defendant has hardly been clearly proven. See Enjady, 134 F.3d at 1433.

Additionally, Jane Doe #1 testified to having seen Defendant molest Jane Doe #2 on only one occasion. The frequency of the prior acts is a factor to consider in assessing the

probativeness of the prior-act evidence. See Benally, 500 F.3d at 1090-91. Moreover, Defendant hotly contests the charge in this cause. The seriousness of the dispute over the material fact to be proved is another factor to be considered in the balancing analysis. See Enjady, 134 F.3d at 1433. In short, from the slim evidence presented with respect to Defendant's alleged molestation of Jane Doe #2, I cannot conclude that a jury could reasonably find by a preponderance of the evidence that this earlier incident occurred. See Enjady, 134 F.3d at 1433. Accordingly, I conclude that evidence that Defendant sexually assaulted Jane Doe #2 is substantially more prejudicial than probative; for that reason, I will not allow its admission.

### 2. The Mother of Jane Doe #1 and Jane Doe #2

The mother of Jane Doe #1 and Jane Doe #2 testified at the hearing as to Defendant's prior molestation of her. The mother is now 33 years old. She testified that when she was ten years old, she awoke to find Defendant standing over her with his hand in her underwear. The mother testified that she "moved around and he walked out." [Transc. of July 2, 2008 hearing]. The mother then went into her mother's bedroom, crying, and told her mother that she had had a nightmare.

The mother (the witness here) was asked if this occurred on more than one occasion. She testified that it did, although she could not recall the number of times. She also further explained that "when [she] would wake up at night [she] would hear [Defendant] come into the room and when [she] would move around, he would sneak back out. . . ." [Transc. of July 2, 2008 hearing]. At first, the mother did not testify that on these additional occasions,

she observed anything more than the mere fact of Defendant standing over her. [See Transc. of July 2, 2008 hearing ("I would wake up to him just standing there over me . . . . [W]hen I was 10 and 11 and 12, maybe like every week or two I would wake up to him standing there.")].  However, when asked again, the mother testified that there were "many times" that she would wake up to find Defendant's hand under her underwear. The mother testified that, although she shared a bedroom with two sisters, she never saw Defendant touch the sisters inappropriately.

Additionally, the mother testified that she did not tell anybody about the alleged abuse at the time.  Instead, she testified that she told a boyfriend about the incidents, but it is not at all clear when she may have told him.  At the hearing, the following colloquy occurred:

> Q: Did you ever tell [your boyfriend] about this?
> A: Yes I did.
> Q: Do you remember when?
> A: When I first got with him which, would be August of 1995.  I mean, 2005.
> Q: So about three years ago?
> A: About eight years ago, 2003.
> Q: How do you remember the time or the occasion or the year?
> A: Because I told him when I first got with him.  My daughter was only almost a year and she was born in 1998.
> Q: Okay.  And is it at that time you told him about what occurred, what happened to you?
> A: Yes.

[Transc. of July 2, 2008 hearing].

There exists a significant time lapse between Defendant's alleged molestation of the mother and the charged offense.  Such a time span, however, does not in and of itself negate

7

the probative value of testimony about prior incidents, and "[s]imilarity of prior acts to the charged offense may outweigh concerns of remoteness in time." United States v. Meacham, 115 F.3d 1488, 1495 (10th Cir. 1997).  While I view this as a very close call, I cannot conclude that the prior alleged incidents are so similar to the charged offense that the significant gap in time is overcome.  I also have some concern about this witness initially speaking as to only one event and then going into more detail upon questioning by the Court.

On one side of the scale are the facts that the prior incidents alleged by the mother and the charged offense involve the nighttime molestation of Defendant's 10- or 11-year-old female family members.  On the other side, however, are the facts that the charged offense involves "penetration of the genital opening of Jane Doe[,]" [Doc. 1], whereas the mother never specifically testified as to penetration; she testified that she would awake to find Defendant's hand under her underwear.  Given the extreme time lapse and the difference between the charged offense (*i.e.*, penetration) and the earlier alleged incidents (*i.e.*, under-the-clothing touching), I again conclude that evidence that Defendant sexually assaulted the mother is substantially more prejudicial than probative and, thus, I will not allow its admission.

### 3. Jane Doe #1

Jane Doe #1 is the alleged victim in this matter.  The charged offense is alleged to have occurred between March 1, 2006 and April 30, 2006, when Jane Doe was approximately 11 or 12 years old.  The prior incidents the Government seeks to introduce with respect to Jane Doe #1 allegedly occurred when Jane Doe #1 was between 7 and 11

years old. [Doc. 42 at 2].

At the hearing on this matter, Jane Doe #1 testified that Defendant began molesting her when she was six years old, and that he would do so "[a]bout two or three times a week." [Transc. of July 2, 2008 hearing]. She testified that she was abused "[i]n [her] grandma's room, in the living room, in the family room, and in [her] room." [Id.]. Jane Doe #1 did not tell anyone about these incidents until the summer of 2006, when she informed her mother.

The prior acts as they relate to Jane Doe #1 will not be admitted. Although relevant, they represent uncharged offenses allegedly committed against *the same victim* of the charged offense. I find that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and likelihood of misleading the jury. See United States v. Walker, 261 F.Supp.2d 1154, 1158 (D.N.D. 2003). This is especially true because Jane Doe #1 testified at the hearing that the abuse continued from age six up until the year 2006, two or three times a week. The jury could very well have its attention diverted from the specific charged time frame in the Indictment (March through April 2006), to uncharged, countless instances occurring over a period of at least five years. Because evidence of earlier allegations of abuse relating to Jane Doe #1 do not survive Rule 403's balancing test, they will not be allowed.

My written ruling on these issues remains subject to reconsideration if unforeseen circumstances or a change in context should arise during the trial.

**IT IS, THEREFORE, ORDERED** that the *United States' Motion in Limine for Pretrial Order Admitting Evidence of Prior Sexual Assaults* [Doc. 42] is **DENIED**.

**SO ORDERED** this 3rd day of July, 2008, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge