## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.                                                     Cr. No. 07-1556 MCA

**JOHNNY BEGAY,**

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendant's Motion to Dismiss the Superseding Indictment Filed April 9, 2009, due to Excessive Preindictment Delay* [Doc. 115], filed April 27, 2009, and *Defendant's Motion for Bill of Particulars* [Doc. 118], filed May 5, 2009. The Court held a hearing on the motions on June 8, 2009. Having considered the parties' submissions, the relevant law, the arguments of counsel, and otherwise being fully advised in the premises, the Court grants the motion to dismiss and denies as moot the motion for bill of particulars.

### I. BACKGROUND

On July 25, 2007, defendant Johnny Begay was charged in a 1-count *Indictment* with the aggravated sexual abuse of a child ("Jane Doe") in Indian Country, in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(3). [Doc. 1]. Mr. Begay was arrested on August 1, 2007. [See dkt. entry of Aug. 1, 2007]. The *Indictment*'s charged offense was alleged to have been committed between March 1, 2006 and April 30, 2006. [Id.]. A jury trial was set to begin

July 7, 2008. [See Doc. 40].

On May 7, 2008, this Court held a hearing on Mr. Begay's motion to suppress statements he had made to FBI Special Agent Andrew Smith. [See Docs. 25, 37]. Among other things, SA Smith testified that he conducted an interview of Mr. Begay on November 16, 2006, and that a forensic interview of Jane Doe had taken place on September 14, 2006. [Doc. 41 at 10, 40]. SA Smith also stated that while the incident charged in the original *Indictment* was alleged to have occurred in the March-April 2006 time frame, "[t]here were also alleged events that occurred over a period of two years," and that Jane Doe had made her allegations in July 2006. [Id. at 36-37]. The Court subsequently denied the suppression motion. [See generally Doc. 49].

On June 10, 2008, the government filed a motion *in limine* pursuant to Rule 414 of the Federal Rules of Evidence,[1] seeking the admission of evidence of Mr. Begay's alleged prior sexual assaults of Jane Doe (referred to at the hearing as Jane Doe #1); her younger sister (referred to at the hearing as Jane Doe #2); and the sisters' mother, Calandria Moore. [Doc. 42]. The Court heard arguments, proffers from counsel, and witness testimony, including that of Jane Doe and Calandria Moore, at the call of the calendar on July 2, 2008. Among other things, Jane Doe testified that (1) she lived with Mr. Begay, her step-grandfather, and his wife, Margie Begay, from the time Jane Doe was 6 years old until she

---

[1] Rule 414 is titled "Evidence of Similar Crimes in Child Molestation Cases" and provides, in pertinent part, that "[i]n a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." Fed.R.Evid.414(a).

2

was 12 years old; (2) Mr. Begay began abusing her when she was 6 years old; (3) the abuse occurred "[a]bout two or three times a week[;]" and (4) the alleged abuse occurred in Margie Begay's room, the living room, the family room, and Jane Doe's room. [Doc. 86 at 22, 27-28].

By *Memorandum Opinion and Order* entered July 3, 2008, the Court denied the government's motion. The Court found, among other things, that while evidence of prior sexual assaults was relevant, such evidence was substantially more prejudicial than probative. [See generally Doc. 68]. With respect to the alleged prior sexual abuse of Jane Doe, the Court explained:

> Although relevant, [the prior bad acts as they relate to Jane Doe] represent uncharged offenses allegedly committed against *the same victim* of the charged offense. I find that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and likelihood of misleading the jury. See United States v. Walker, 261 F.Supp.2d 1154, 1158 (D.N.D. 2003). This is especially true because Jane Doe #1 testified at the hearing that the abuse continued from age six up until the year 2006, two or three times a week. The jury could very well have its attention diverted from the specific charged time frame in the Indictment (March through April 2006), to uncharged, countless instances occurring over a period of at least five years. Because evidence of earlier allegations of abuse relating to Jane Doe #1 do not survive Rule 403's balancing test, they will not be allowed.

[Id. at 9 (emphasis in original)].

Within hours of the Court's entry on the docket of its July 3, 2008 *Order*, the government filed a notice of appeal; the pending trial of July 7, 2008 was thereafter vacated. [See Docs. 68, 71, 74].

3

On February 9, 2009, the Tenth Circuit affirmed this Court's *Order* denying the government's motion in limine, and the mandate issued on March 3, 2009. [See Doc. 96]. By *Amended Order* of April 1, 2009, Mr. Begay's trial was reset for May 11, 2009. [Doc. 103].

On April 9, 2009, the government filed a seven-count *Superseding Indictment*. [Doc. 105]. Whereas the original *Indictment* had charged, among other things, that Mr. Begay had engaged in "sexual **contact**" with Jane Doe, in violation of 18 U.S.C. §§ 2241(c) and 2246**(3)**, the *Superseding Indictment* charges Mr. Begay (in each count) with having engaged in a "sexual **act**" with Jane Doe, in violation of 18 U.S.C. §§ 2241(c) and 2246**(2)(c)**. [Compare Docs. 1 and 105]. The *Superseding Indictment* charges offenses allegedly having occurred on or between the following dates:

> May 1, 2006 and May 31, 2006 (Count 1);
> March 1, 2006 and April 20, 2006 (Count 2);[2]
> January 29, 2006 and February 2, 2006 (Count 3);
> January 29, 2006 and February 2, 2006, on an occasion different
> from that alleged in Count 3  (Count 4);
> June 28, 2004 and July 5, 2004 (Count 5);
> December 1, 2003 and December 31, 2003 (Count 6); and
> August 1, 2000 and August 31, 2000 (Count 7).

[Doc. 105].

Given that (1) the government's motion *in limine* had "request[ed] pre-trial admission . . . of defendant's previous sexual assaults of Jane Doe that began when she was

---

[2] Count 2 represents the original count from the first *Indictment* with a "narrowed . . . time frame." [Tr. of June 8, 2009 motions hearing].

4

approximately seven years old[;]"[3] (2) Jane Doe, whose birthday is November 19, 1994,[4] would have been "approximately seven years old" in 2001; (3) with the exception of Count 7, which charges conduct allegedly having occurred in the year 2000, the *Superseding Indictment* charges conduct allegedly having occurred in the time frame during which Jane Doe lived with Mr. Begay; (4) the *Superseding Indictment* was filed approximately one month after the Tenth Circuit issued its mandate;[5] and (4) the government has represented that "the teachings of the case" by both this Court and the Tenth Circuit "were taken into account in obtaining the superseding indictment[,]"[6] it is clear that the *Superseding Indictment* now charges as offenses at least some of the very same conduct that the government unsuccessfully sought to have admitted pursuant to Rule 414. Indeed, the government conceded as much at the June 8, 2009 motions hearing when it explained to the Court that, in using "the Court of Appeals' decision [as] a guiding post[, it took] the numerous allegations that [Jane Doe had] made both in her forensic interview and in her testimony to this Court [and] narrow[ed] it down to seven allegations, one which included the original." [Tr. of June 8, 2009 hearing].

---

[3] [See Doc. 42 at 2].

[4] [See Doc. 78; attached *Motion for Termination of Parental Rights* at 1(providing dates of birth for Jane Doe and her younger sister)].

[5] [See Docs. 96 (Tenth Circuit mandate of March 5, 2009) and 105 (*Superseding Indictment* of April 9, 2009)].

[6] [See Doc. 119 at 6].

On April 27, 2009, Mr. Begay filed his motion to dismiss the *Superseding Indictment* on grounds that (1) the government's preindictment delay has violated his right to due process; and (2) the government unreasonably delayed presenting the charges to the grand jury. Should the Court not find that the delay amounts to a constitutional violation, Mr. Begay urges the Court to dismiss the *Superseding Indictment* pursuant to Rule 48 of the Federal Rules of Criminal Procedure. [See generally Doc. 115]. In the alternative to dismissal, Mr. Begay has requested a bill of particulars detailing, among other things, how the government determined the time periods now set forth in the seven counts of the *Superseding Indictment*. [See generally Doc. 118].

The government responds that Mr. Begay has not demonstrated either that (1) the delay occurred in an attempt by the government to gain a tactical advantage against or harass Mr. Begay, or (2) he has been prejudiced as a result, such that dismissal for due process violations is warranted. [Doc. 119 at 3-7]. The government also argues that dismissal pursuant to Rule 48 is not justified as, again, Mr. Begay has failed to demonstrate sufficient prejudice and, in any event, "the government acted with alacrity in response to the Court of Appeals' ruling in this case in obtaining the superseding indictment." [Id. at 8].

## II. ANALYSIS

### A. *Defendant's Motion to Dismiss the Superseding Indictment Filed April 9, 2009, due to Excessive Preindictment Delay* [Doc. 115]

In United States v. Lovasco, the United States Supreme Court "consider[ed] the circumstances in which the Constitution requires that an indictment be dismissed because of

6

delay between the commission of an offense and the initiation of prosecution." United States v. Lovasco, 431 U.S. 783, 784 (1977). While the applicable statute of limitations "is usually considered the primary guarantee against bringing overly stale criminal charges[,]" United States v. Ewell, 383 U.S. 116, 122 (1966), the Due Process Clause also "has a limited role to play in protecting against oppressive delay." Lovasco, 431 U.S. at 789. Still,

> the Due Process Clause does not permit courts to abort criminal prosecutions simply because they disagree with a prosecutor's judgment as to when to seek an indictment. Judges are not free, in defining "due process," to impose on law enforcement officials [their] "personal and private notions" of fairness and to "disregard the limits that bind judges in their judicial function."

Id. at 790 (*quoting* Rochin v. California, 342 U.S. 165, 170 (1952)). Instead, it is the task of the Court to determine whether the complained-of action violates "fundamental conceptions of justice which lie at the base of our civil and political institutions," Mooney v. Holohan, 294 U.S. 103, 112 (1935), and define "the community's sense of fair play and decency." Rochin, 3342 U.S. at 173.

The Tenth Circuit has held that "[p]reindictment delay is a violation of due process where (1) the defendant suffered 'actual prejudice resulting from the delay,' and (2) 'the delay was purposefully designed to gain tactical advantage or to harass.'" United States v. Colonna, 360 F.3d 1169, 1176-77 (10th Cir. 2004) (*quoting* United States v. Comosona, 848 F.2d 1110, 1113 (10th Cir.1998)). Additionally, "[v]ague and conclusory allegations of prejudice resulting from the passage of time and the absence of witnesses are insufficient to

constitute a showing of actual prejudice. Defendant must show definite and not speculative prejudice. . . ." United States v. Trammell, 133 F.3d 1343, 1351 (10th Cir. 1998). However, "[t]he Due Process Clause warrants dismissal of indictments for preindictment delay *only in exceptional circumstances*." Comosona, 848 F.2d at 1113 (emphasis added).

But even where preindictment delay does not rise to a level of constitutional proportions, Rule 48 of the Federal Rules of Criminal Procedure provides authority for "[t]he court [to] dismiss an indictment . . . if unnecessary delay occurs in (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." Fed.R.Crim.P. 48(b). To be sure, Rule 48, which applies in post-arrest situations, United States v. Primrose, 718 F.2d 1484, 1488 (10th Cir. 1983), serves as "a restatement of the inherent power of the court to dismiss a case for want of prosecution." Fed.R.Crim.P. advisory committee's note. Moreover, "[t]he invocation of the rule is within the discretion of the district court and it will be reversed only for abuse of discretion." United States v. Mitchell, 723 F.2d 1040, 1050 (1st Cir. 1983) (*citing* United States v. Pilla, 550 F.2d 1085, 1093 (8th Cir. 1977)).

In this case, Mr. Begay maintains that "[w]ith the superseding indictment in place, [he] now faces the same unfairly prejudicial circumstances he faced when the government sought to introduce Jane Doe's allegations that Mr. Begay sexually assaulted her over the course of six years on multiple occasions." [Doc. 115 at 10]. He complains that the government's "piling on" of cumulative charges creates the very real danger that a jury will unwarrantedly convict him of "something." [Id.]. He also argues that the government

delayed obtaining the *Superseding Indictment* in order to gain a tactical advantage, and that the delay has substantially prejudiced his defense. [Id. at 8, 10]. For these reasons, argues Mr. Begay, this Court should dismiss the *Superseding Indictment* on due process grounds.

Alternatively, Mr. Begay urges the Court to dismiss the *Superseding Indictment* pursuant to Rule 48(b)(1), maintaining that

> [t]he more-than-one-and-a-half year delay since Mr. Begay's arrest on August 1, 2007 . . . was unnecessary. . . . The government waited that length of time to see if this court or the Tenth Circuit would allow it to pursue its preferred strategy of presenting Jane Doe's testimony that Mr. Begay repeatedly sexually molested her over the course of six years, without being subject to the limitation of the allegation in the one-count indictment.

[Doc. 115 at 12].

Given the circumstances of this case, this Court has no doubt that the government delayed obtaining the *Superseding Indictment* in an effort to gain a tactical advantage over Mr. Begay. As previously explained, it was not until this Court denied the government's motion *in limine* seeking to present at trial prior instances of Mr. Begay's alleged sexual abuse—and the Tenth Circuit affirmed the Court's ruling—that the government superseded the indictment, recasting at least some of those alleged prior instances as charged offenses. Such a determination finds support in the government's (1) representation that concerns of unfair prejudice, confusion, and possible misleading of the jury "were taken into account in obtaining the superseding indictment[;]"[7] (2) insistence that it "acted with alacrity in

---

[7] [Doc. 119 at 6].

response to the Court of Appeals' ruling in this case in obtaining the superseding indictment[;]"[8] and (3) explanation at the motions hearing in this matter that one reason for superseding the indictment was that "a new set of eyes" (meaning a new Assistant United States Attorney) had taken the case, notwithstanding that on July 2, 2008 the government, through its original attorneys, made representations to the Court that reasonably could be interpreted as indicating the government's preparedness to proceed to a July 7, 2008 trial with the original *Indictment*. [See Doc. 85 at 3 (explaining that government estimated it would require "approximately a day and a half, perhaps, to present [its] case. . . .")].

Moreover, the government concedes that the information underlying the allegations that make up the seven counts of the *Superseding Indictment* is information that was known to it as early as September 14, 2006, the date of Jane Doe's forensic interview. As the government explained, "what we've done is . . . instead of taking the numerous allegations that the child ha[d] made *both in her forensic interview* and in her testimony to this Court, is to narrow it down to seven allegations, one which included the original." [Tr. of June 8, 2009 hearing (emphasis added)]. In response to the Court's questioning as to when the information underlying each of the seven counts became available, the government confirmed that that information was available at the time of this Court's July 2, 2008 call of the calendar, although "in terms of developing an investigation and bringing a charge . . . the information [would have been] incomplete." [Id.]. According to the government, "the basic information concerning those events [the allegations supporting the seven counts of the

---

[8] [Id. at 8].

*Superseding Indictment*] were available in [Jane Doe's] forensic interview, and were available to be prosecute[d]. . . ." [Id.]. That evidence of other allegations was revealed during, or known at the time of, Jane Doe's forensic interview is further supported by the testimony of SA Smith, who explained at the hearing on Mr. Begay's motion to suppress that, while the incident charged in the original *Indictment* was alleged to have occurred in the March-April 2006 time frame, "[t]here were also alleged events that occurred over a period of two years," and that Jane Doe had made those allegations in July 2006. [Doc. 41 at 36-37].

This Court recognizes that "the Due Process Clause does not permit courts to abort criminal prosecutions simply because they disagree with a prosecutor's judgment as to when to seek an indictment." Lovasco, 431 U.S. at 790. The Court also accepts that "so long as the prosecutor has 'probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" United States v. Sarracino, 340 F.3d 1148, 1178 (10th Cir. 2003) (*quoting* Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978)). Still, common sense dictates that if the government believed it had evidence to support the additional six counts that appear in the *Superseding Indictment*, it would have charged all seven counts in the original *Indictment* instead of seeking the admission of these alleged prior instances of sexual abuse under Rule 414, and then recasting them as charged offenses only after an unsuccessful appeal.

Notwithstanding, before an indictment will be dismissed for due process violations, the defendant must demonstrate *both* that the delay was purposefully designed to gain tactical

advantage or to harass *and* that he suffered actual prejudice as a result of the delay.  Colonna, 360 F.3d at 1176.  In this case, the Court does not believe that Mr. Begay has shown that he has suffered actual prejudice from the delay, such that the *Superseding Indictment* may be dismissed on due process grounds.

   According to Mr. Begay,

>    [w]ith the superseding indictment in place, [he] now faces the same unfairly prejudicial circumstances he faced when the government sought to introduce Jane Doe's allegations that [he] sexually assaulted her over the course of six years on multiple occasions. Cumulating charges may very well lead the jury to believe Mr. Begay is guilty of something. The very real danger exists that the piling on of allegations upon allegations will overwhelm the jury and result in an unwarranted guilty verdict on one or more of the counts.

[Doc. 115 at 10].  However, Mr. Begay has cited no authority in support of this point, and the Court is not persuaded that "the piling on of allegations upon allegations" would constitute actual prejudice for purposes of the Court's due process analysis.  This is because a jury in this case would be specifically instructed that

>    [a] separate crime or offense is charged in each count of the indictment.  Each charge and the evidence pertaining to it should be considered separately.  The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged.

[See http://www.nmcourt.fed.us/web/DCDOCS/dcindex.html; "Stock Criminal Jury Instructions," No. Cr.22B].  Moreover, juries are presumed to follow their instructions.  See United States v. Erickson, 561 F.3d 1150, 1169 (10th Cir. 2009).  This is precisely what the United States District Court for the Eastern District of Wisconsin concluded in United States

v. Hawpetoss, after having considered (and rejected) the defendant's argument that the victim's generic, nonspecific testimony during the defendant's trial on charges of child molestation prevented the jury from reaching a unanimous verdict "when presented with the evidentiary glob present in counts four through seven." United States v. Hawpetoss, 388 F.Supp.2d 952, 965 (E.D.Wis. 2005).  For these reasons, the Court concludes that dismissal of the *Superseding Indictment* for due process violations is not warranted.

However, the Court finds that because the government has engaged in unnecessary delay in presenting to a grand jury the charges comprising the *Superseding Indictment*, the *Superseding Indictment* must be dismissed pursuant to Rule 48(b)(1) of the Federal Rules of Criminal Procedure, as the Court is simply not persuaded the government's reasons for the delay are valid.  See United States v. Goodson, 204 F.3d 508, 513 (4th Cir. 2000) (explaining that Rule 48(b) "restates the court's inherent power to dismiss an indictment for lack of prosecution where the delay is not of a constitutional magnitude. . . .").

As explained above,  a forensic interview of Jane Doe was conducted on September 14, 2006. [Doc. 41 at 10, 40].  At the June 8, 2009 hearing on the instant motions, the government represented that "the basic information concerning those events [the allegations supporting the seven counts of the *Superseding Indictment*] were available in [Jane Doe's] forensic interview, and were available to be prosecute[d]. . . ."  [Tr. of June 8, 2009 hearing]. Still, Mr. Begay was not arrested until August 1, 2007, and the *Superseding Indictment* was

not filed until April 9, 2009, more than 20 months later.[9] The government maintains that, notwithstanding the conceded availability of this information, the information was nevertheless incomplete "in terms of developing an investigation and bringing a charge. . . ." [Tr. of June 8, 2009 hearing].  While investigative delay is proper, investigative delay is different from "delay undertaken by the Government solely 'to gain tactical advantage over the accused,' . . . precisely because investigative delay is not so one-sided." Lovasco, 431 U.S. at 795 (*quoting* United States v. Marion, 404 U.S. 307, 324 (1971).  For the reasons set forth above, this Court is not persuaded that investigative delay is what kept the government from superseding the indictment until after it experienced an unsuccessful appeal; rather, the Court believes that the delay was undertaken to gain a tactical advantage over Mr. Begay.

The Tenth Circuit instructs that context is important.  In United States v. Dewing, the defendant unsuccessfully moved to dismiss an indictment charging him with being a felon in possession of a firearm.  The indictment was handed down in 1992, just days before the statute of limitations would have run on the 1987 possession incident, and soon after the defendant's release from three years' incarceration as a result of his guilty plea to state charges of armed robbery and conspiracy to commit armed robbery. United States v. Dewing, 2 F.3d 1161, at *1 (10th Cir. 1993) (unpublished opinion).  In establishing the defendant's sentence, the state-court judge had taken into account the defendant's firearm

---

[9] Rule 49 applies in post-arrest situations only. See Primrose, 718 F.2d at 1488. Still, the Court notes that nearly 31 months passed between the time the government says the seven counts of the *Superseding Indictment* "were available to be prosecuted," and the filing of the Superseding Indictment.

14

possession, as well as the fact that federal authorities had decided (and represented this decision to the state court) not to pursue a possession charge because of the state-court armed robbery and conspiracy charges that the defendant was facing at that time. Id. Noting that it was undisputed that the state court judge relied upon the federal prosecutors' representation that they would not pursue the possession charge in deciding to sentence the defendant to nine years in prison rather than placing him on probation, the Tenth Circuit held that the "[d]efendant was actually prejudiced by the government's failure to prosecute when it had all the evidence it needed and represented to the state court that it would not prosecute." Id. at *2.

>The Circuit further commented that

>>the initiation of prosecution only ten days before the statute of limitations would run and after defendant had been released from state prison, *in the context of this case*, established that the federal authorities delayed prosecution for tactical advantage or to harass. Their taking the position before the state court that no prosecution would occur, which helped induce that court to sentence defendant to a significant prison term, and then indicting defendant after the state released him earlier than the federal prosecutors thought desirable, seems the paradigm case of delay "to gain tactical advantage or to harass the defendant."

Id. (emphasis added) (*quoting* United States v. Beitscher, 467 F.2d 269, 272 (10th Cir.1972)). Additionally, the Circuit noted that "there appear[ed] no reason for the delay in prosecuting defendant other than to reserve that option as a weapon if the state's punishment was insufficient to satisfy the federal prosecutors." Id.

Mr. Begay's situation is similar to that in Dewing inasmuch as this Court is not convinced that the government delayed superseding the *Indictment* for any reason other than to preserve for itself a weapon to use against Mr. Begay in the event its motion to introduce evidence of alleged prior instances of sexual abuse, and the subsequent appeal from the denial thereof, fell short, which is precisely what happened. It is apparent that the government, which on July 2, 2008 expressed a readiness for a trial that was set to begin July 7, 2008, expected the Court to rule favorably on its motion to admit evidence of Mr. Begay's alleged instances of prior sexual abuse. When the Court, at 4:25 p.m. on July 3, 2008, entered its *Order* denying that motion, the government filed its *Notice of Appeal* within hours. [See Docs. 68, 71]. The Tenth Circuit affirmed on February 9, 2009, and the mandate issued on March 3, 2009. [Doc. 96]. On April 9, 2009, the government filed the *Superseding Indictment*, more than 20 months after Mr. Begay's August 1, 2007 arrest, but only about one month after the mandate issued regarding its unsuccessful appeal.

In the context of this case, the Court finds that the government unnecessarily delayed presentment to a grand jury of the charges comprising the *Superseding Indictment*. For this reason, the *Superseding Indictment* must be dismissed pursuant to Rule 48(b)(1) of the Federal Rules of Criminal Procedure. Trial shall proceed upon the original one-count *Indictment* of July 25, 2007. See United States v. Bowen, 946 F.2d 734, 736 (10th Cir. 1991) (where two superseding indictments stood and trial proceeded upon first, rejecting argument that second superseding indictment nullified first superseding indictment and noting that Circuit had "found no authority which supports the proposition that a superseding

16

indictment zaps an earlier indictment to the end that the earlier indictment somehow vanishes into thin air."); see also United States v. Walker, 363 F.3d 711, 714 (8th Cir. 2004) (affirming district court's decision to dismiss superseding indictment and proceed with original indictment and commenting that "the district court correctly held that the superseding indictment and the original indictment can co-exist. Other circuits have clearly stated that a superseding indictment does not in effect dismiss the original indictment and that both indictments can co-exist.").

## III. CONCLUSION

For the reasons stated more fully herein, the Court concludes that, while dismissal of the *Superseding Indictment* for due process violations is not warranted, the *Superseding Indictment* should be dismissed pursuant to Fed.R.Crim.P. 48(b) due to the government's unnecessary delay in presenting charges to the grand jury. Trial shall proceed upon the original one-count *Indictment* of July 25, 2007. Given this disposition, the Court will deny as moot *Defendant's Motion for Bill of Particulars*.

**IT IS, THEREFORE, ORDERED** that *Defendant's Motion to Dismiss the Superseding Indictment Filed April 9, 2009, due to Excessive Preindictment Delay* [Doc. 115] is **GRANTED;**

**IT IS FURTHER ORDERED** that *Defendant's Motion for Bill of Particulars* [Doc. 118] is **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that trial in this matter shall proceed upon the original one-count *Indictment* of July 25, 2007.

**SO ORDERED** this 18th day of June, 2009, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge